UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES YARBROUGH,

    Plaintiff,

v.                                         CASE NO. 3:17-cv-882-J-34MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Following an administrative hearing held on April 21, 2016, the assigned Administrative Law Judge ("ALJ") issued a decision finding Plaintiff not disabled from April 26, 2012, the amended disability onset date, through June 13, 2016, the date of the decision. (Tr. 17-25, 30-60.) Based on a review of the record, the briefs, and the applicable law, the undersigned respectfully **RECOMMENDS** that the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

Commissioner's decision be **AFFIRMED**.

   I.   **Standard**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

   II.   **Discussion**

Plaintiff argues that the ALJ erred in finding that Plaintiff's gout was not a

severe impairment at step two of the five-step sequential evaluation process and that the ALJ's residual functional capacity ("RFC") finding is not supported by substantial evidence, because Plaintiff's gouty arthritis would preclude all work above a sedentary exertional level.  The Commissioner responds that substantial evidence supports the ALJ's RFC finding.  The undersigned agrees with the Commissioner.

In the Eleventh Circuit, "[t]he finding of any severe impairment . . . is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 902 (11th Cir. 2011).  Therefore, even if the ALJ erred by not finding Plaintiff's gout to be a severe impairment, the error is harmless because the ALJ found at least one severe impairment.  *See Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010) (per curiam) ("Even if the ALJ erred in not indicating whether chronic pain syndrome was a severe impairment, the error was harmless because the ALJ concluded that [plaintiff] had a severe impairment: [sic] and that finding is all that step two requires. . . . Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe.").

At step two, the ALJ found that Plaintiff's major motor seizures were a severe impairment, but his gout, among other impairments, was not, because the

3

objective medical evidence did not reflect that it produced symptoms significantly limiting Plaintiff's ability to perform basic work activities. (Tr. 20.) In light of Plaintiff's statement from June 2015 that he had no recent gout attacks (Tr. 348), the ALJ found Plaintiff's reports of weekly gout attacks were not supported by the evidence of record (Tr. 20).

Although the ALJ did not find Plaintiff's gout to be a severe impairment, he did not ignore it. Specifically, the ALJ stated:

> The claimant . . . said he has gout flares once a week for up to 60 minutes each. He testified that he had a gout flare the day before the hearing that lasted for about 15 minutes. The claimant said he takes ibuprofen once a day to prevent a flare of his gout.
> . . .
> In December 2014, the claimant . . . stated he had only occasional gout flares, with the last flare one month prior to his visit. On physical examination, the claimant's blood pressure was 160/92; the remainder of the examination was unremarkable. . . .
>
> The claimant had a physical consultative examination in April 2016 with Eftim Adhami, MD. He reported having gout . . . . Dr. Adhami said the claimant could walk on his toes and heels and tandem walk. He diagnosed the claimant with GOUT . . . .

(Tr. 21.)

The ALJ's decision reflects that he adequately considered all of Plaintiff's impairments, including gout, when he found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels.[2]

---

[2] The ALJ also assessed non-exertional limitations, including no climbing of ladders, ropes, or scaffolds, and avoiding moderate exposure to hazardous machinery and heights. (Tr. 20.)

(Tr. 20.) The ALJ's findings are supported by substantial evidence. (*See, e.g.*, Tr. 317 (listing gout under chronic conditions and past medical history, but reporting an "active lifestyle"), 320 (stating that Plaintiff's chronic conditions were controlled and he had no complaints), 323 (noting no recent flares of gout as of May 2013), 348 (noting "no recent gout attacks" as of June 2015), 353 (noting occasional gout flares, with the last one a month before the December 2014 visit), 360-62 (reporting to Dr. Adhami in April 2016 that his gout "flares up in the big toes and they swell with throbbing pains"; diagnosing gout, but noting that Plaintiff's gait was normal).)

Although the record includes references to a diagnosis of gout (*see* Tr. 332, 351, 362, 385), a mere diagnosis says nothing about the severity of the condition. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (stating "the mere existence of these impairments does not reveal the extent to which they limit her ability to work"). The ALJ considered Plaintiff's impairments and incorporated into the RFC assessment only those limitations resulting from the impairments, which he found to be supported by the record.

In a disability report completed in July 2014, Plaintiff reported his gout had been worsening over the past year and he experienced severe flare-ups frequently. (Tr. 248.) He stated that the bursts of pain associated with his gout prevented him from engaging in everyday activities and performing household tasks. (Tr. 249.) Plaintiff reported he was "unable to sit or stand for very long."

(*Id.*) Also, at the administrative hearing held in April 2016, Plaintiff testified that when his gout flared, he got throbbing pain and could hardly walk. (Tr. 39.) He further testified that sometimes it flared once a week for 30 minutes to an hour.[3] (*Id.*)

However, as the ALJ pointed out, these statements were not supported by the evidence of record. (Tr. 20.) As shown above, Plaintiff's statements were inconsistent with his own reports and/or the unremarkable findings on examination during the doctor's visits in December 2014, June 2015, and April 2016, as well as with the "scarceness of evidence reflecting the period since the alleged onset date." (Tr. 22; *see also* Tr. 23 ("[T]he claimant's testimony was not persuasive to establish an inability to perform the range of work assessed herein. The location, duration, frequency, and intensity of the claimant's alleged symptoms, as well as precipitating and aggravating factors are adequately addressed and accommodated in the above [RFC].").)

Plaintiff's argument that his gout would preclude all work above the sedentary exertional level assumes that the gout imposed limitations greater than assessed in the ALJ's RFC finding. Because the ALJ's RFC finding is supported

---

[3] Assuming this is true, Plaintiff does not explain how a short flare lasting up to an hour once a week would render him disabled. Plaintiff testified that he keeps his medication (prescription ibuprofen) with him and takes it once a day to prevent the flares. (Tr. 49-50.)

by substantial evidence, Plaintiff's claim of disability must fail.[4]

Accordingly, it is respectfully **RECOMMENDED**:

1. The Commissioner's decision be **AFFIRMED**.

2. The Clerk of Court be directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on May 29, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

---

[4] Any issues "not clearly outlined in [Plaintiff's] brief are deemed abandoned." *Pettus v. Astrue*, 226 F. App'x 946, 949 (11th Cir. 2007) (per curiam) (citing *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1317 n.17 (11th Cir. 1999)).