**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES YARBROUGH,

    Plaintiff,

v.                                         Case No. 3:17-cv-882-J-34MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Magistrate Judge Monte C. Richardson's Report and Recommendation (Doc. 23; Report), entered on May 29, 2018. In the Report, Magistrate Judge Richardson recommends that the decision of the Acting Commissioner of the Social Security Administration (the Commissioner) be affirmed. See Report at 2, 7. Plaintiff filed Plaintiff's Objections to Magistrate Judge's Report and Recommendation and Request for Oral Argument (Doc. 24; Objections) on June 13, 2018. The Commissioner then filed Commissioner's Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 25; Response) on June 19, 2018. As such, the matter is ripe for the Court's consideration.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions

de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

The Court has considered the Report, Objections,[1] and Response.[2] Upon independent review of the file and for the reasons stated in Judge Richardson's Report, the Court will overrule the Objections, and accept and adopt the legal and factual conclusions recommended by Judge Richardson. Accordingly, it is hereby

**ORDERED:**

1. The objections set forth in Plaintiff's Objections to Magistrate Judge's Report and Recommendation and Request for Oral Argument (Doc. 24) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 23) is **ADOPTED** as the opinion of the Court.

---

[1] In the Objections, Plaintiff asserts that the Administrative Law Judge ("ALJ") erred in finding that the Plaintiff "has the residual functional capacity for medium work." Objections at 5. Plaintiff relies on arguments set forth in his original Memorandum of Law (Doc. 19; Plaintiff's Memorandum), where he argued that in step two of the evaluation process, the ALJ erred in finding that Plaintiff's gout was not a severe impairment because Plaintiff's gout "would preclude all work above a sedentary level." Plaintiff's Memorandum at 14. However, Magistrate Judge Richardson correctly noted that the ALJ found at step two that Plaintiff's major motor seizures were a severe impairment, but his gout was not. Report at 4-5. Even if the ALJ erred in finding that Plaintiff's gout was not a severe impairment, the ALJ only needed to identify one severe impairment to satisfy step two. See Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 824-25 (11th Cir. 2010) (per curiam) ("Even if the ALJ erred in not indicating whether chronic pain syndrome was a severe impairment, the error was harmless because the ALJ concluded that [plaintiff] had a severe impairment: [sic] and that finding is all that step two requires. . . . Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe."). Upon de novo review of the record, the Court concludes that Magistrate Judge Richardson's finding that the ALJ properly considered all of Plaintiff's impairments when he found that Plaintiff "had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels" is supported by the record. Report at 4. Thus, Judge Richardson properly concluded that the ALJ's RFC finding is supported by substantial evidence.

[2] In the Response, the Commissioner recommends the Court affirm the Commissioner's final decision and deny Plaintiff's request for oral argument.

2

3. The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3) **AFFIRMING** the Commissioner's final decision and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 3rd day of July, 2018.

MARCIA MORALES HOWARD
United States District Judge

i41

Copies to:

Counsel of Record